# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| *Jacob Smith*<br>*Plaintiff,*<br><br>*Jury Trial Demand* | *EXPERIAN INFORMATION SOLUTIONS INC.*<br>*Defendant,*<br><br>*Case Number:* 3:26-cv-470-FDW |

## 1. INTRODUCTION

1.  Plaintiff Jacob Smith, brings this civil action against EXPERIAN INFORMATION SOLUTIONS INC. seeking actual damages, statutory damages, costs following violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

## 2. VENUE AND JURISDICTION

2.  This District obtains subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1681p, which provides for jurisdiction of actions arising under the FCRA.

3.  Defendant EXPERIAN INFORMATION SOLUTIONS INC., (hereinafter as "Experian") is a consumer reporting agency subject to the requirements under the FCRA, therefore they are subject to the jurisdiction of this Court.

4. Venue is proper as the Plaintiff lives in Mecklenburg County, North Carolina and the conduct described in this action occurred in this District.

## 3. PARTIES

5. Plaintiff is a natural person and a Consumer as defined by 15 U.S.C. § 1681a(c). Currently residing in North Carolina and actively participating in the industry of consumer credit.

6. According to the North Carolina Secretary of State records, Experian is a California corporation, with a primary business address of 475 Anton Blvd, Costa Mesa, CA 92626.

7. Experian's registered agent is CT Corporation Systems. Their business address for service is 160 Mine Lake Ct Ste 200, Raleigh, NC 27615.

8. Experian operates as a nationwide Consumer Reporting Agency ("CRA") under the definition set out in 15 U.S.C. § 1681a(f). For a fee or through cooperative arrangements, it regularly collects and analyzes credit and consumer data, then sells or provides that information to third parties in the form of consumer reports. In doing so, Experian makes use of interstate commerce channels such as the mail and the internet. Because of this, Experian is directly subject to the requirements of the FCRA and is fully aware of the legal duties placed on it by federal law.

2

## 4. FACTUAL ALLEGATIONS

9.     On or about January 4, 2026, Plaintiff requested and received a copy of his consumer file disclosure from Experian through the online portal used for annual credit disclosures, annualcreditreport.com. The Experian File Number listed on the disclosure is 1434-5257-36.

10.    After receiving the disclosure, Plaintiff reviewed it to determine what information Experian was maintaining about him and to identify any inaccurate, incomplete, or unclear information that could affect his creditworthiness.

11.    Plaintiff intended to use the disclosure to verify the accounts appearing in his file and to dispute any information that was inaccurate, incomplete, misleading, or not capable of being verified. However, the disclosure provided by Experian did not clearly and accurately provide all of the information needed for Plaintiff to do so.

12.    Upon review, Plaintiff noticed that the disclosure contained a substantial amount of missing, incomplete, unclear, and inaccurate account information. The missing or unclear information included, but was not limited to, account numbers, dates of last activity, actual payment amounts, charge-off amounts, and complete payment histories.

13.    Because this information was missing or unclear, Plaintiff could not fully determine what information Experian was maintaining in his file, whether

the accounts were being reported accurately, or how to properly dispute the adverse accounts appearing in the disclosure.

14. The accounts shown in Plaintiff's disclosure appeared inaccurate, incomplete, and unclear. These issues prevented Plaintiff from meaningfully reviewing the file and determining whether Experian was maintaining obsolete, inaccurate, incomplete, or unverifiable information.

15. Experian's failure to clearly and accurately disclose all information in Plaintiff's file violated 15 U.S.C. § 1681g(a)(1) because Experian possessed, maintained, or should have maintained the information omitted or unclear in Plaintiff's disclosure.

16. As a result of Experian's violation, Plaintiff suffered real harm. Plaintiff was deprived of his statutory right to receive a clear and accurate disclosure of the information maintained in his consumer file. Plaintiff also suffered damage to his ability to review, understand, verify, and dispute the information affecting his credit profile.

17. This caused Plaintiff frustration, stress, anxiety, wasted time, and concern about his financial future. Plaintiff was left worried that inaccurate or incomplete information could continue damaging his creditworthiness, reputation, and ability to obtain credit in an economy where credit history plays a major role in everyday financial opportunities. Plaintiff also faced

the risk of credit denials, less favorable terms, higher rates, and other financial hardships because he could not properly identify and correct the problems in his file.

18. Having a complete and understandable file disclosure is important because a consumer cannot properly review, investigate, or dispute information they cannot clearly see or understand. Under 15 U.S.C. § 1681g(a)(1), a consumer reporting agency must, when requested, clearly and accurately disclose all information contained in the consumer's file.

19. After reviewing the file disclosure provided by Defendant, Plaintiff identified several tradelines that were not clearly or accurately disclosed, including DISCOVER CARD and DISCOVERPL.

20. The DISCOVER CARD tradeline was unclear and incomplete. The account number was only partially shown as 601100***, which made it difficult for Plaintiff to confirm the exact account being referenced. In addition, the sections labeled "Interest Type," "Recent Payment," and "Terms" contained information that was unclear, incomplete, or inaccurate. The "Payment History" and "Balance Histories" sections also appeared to contain missing months, unclear entries, and incomplete historical data spanning months or years. Because of these issues, Plaintiff could not determine what information Defendant actually maintained regarding this account or whether the information was accurate.

21. The DISCOVERPL tradeline also contained unclear, incomplete, and inconsistent information. The account number was only partially shown as 500022***, which prevented Plaintiff from confidently identifying the account. The "Balance" section was unclear or inaccurate, and the "Balance Histories" section reflected balance information that appeared inconsistent with the balance listed elsewhere in the disclosure. These inconsistencies prevented Plaintiff from understanding how the account was being maintained and whether the account information was being accurately reported.

22. Without access to full account numbers, complete balance histories, payment histories, and other critical data fields, Plaintiff cannot determine what is being furnished accurately, investigate his own records, verify information, calculate payments, verify history, ultimately stripping his ability to compile a detailed dispute letter in attempt to remove any inaccurate information.

## 5. DAMAGES SUSTAINED FROM DEFENDANT'S INACCURACIES

23. These omissions had a direct and adverse impact on Plaintiff's creditworthiness. Plaintiff applied for extensions of credit, as evidenced by the hard inquiries reflected on his disclosure. Upon information and belief, Plaintiff was denied one or more of these credit applications, in whole or in part, or was only approved under unfavorable terms, due to the

incomplete, unclear, and inaccurate information contained in Experian's disclosure. Because Experian failed to disclose all information in Plaintiff's file, Plaintiff was unable to identify, investigate, and correct the underlying issues that contributed to these denials and unfavorable lending decisions.

24. As a result of these credit denials and unfavorable approvals, Plaintiff suffered financial harm, including but not limited to the loss of credit opportunities, less favorable credit terms, increased costs of borrowing, and the inability to access needed financial resources. Plaintiff experienced increasing monthly payments and rising interest obligations, which placed significant strain on his financial stability and made it increasingly difficult to maintain his financial commitments.

25. Additionally, Plaintiff attempted to obtain a home equity line of credit in order to improve his property and increase its value for sale. However, due to the inaccurate, incomplete, and unclear nature of the information contained in Experian's disclosure, Plaintiff was unable to secure such financing. As a result, Plaintiff was unable to make necessary improvements to his property, limiting its marketability and value.

26. Due to these financial constraints and inability to access credit, Plaintiff was ultimately forced to sell his property under unfavorable conditions. This resulted in a loss of potential equity and financial opportunity.

27. Additionally, Plaintiff experienced significant housing instability. Following the forced sale of his property, Plaintiff was required to move in with his parents, resulting in a loss of independence, privacy, and stability.

28. Additionally, Plaintiff experienced significant personal and emotional hardship. The financial distress caused by Experian's conduct resulted in ongoing stress, frustration, embarrassment, and hardship. These circumstances have disrupted Plaintiff's daily life and diminished his overall quality of life.

29. These circumstances created ongoing stress, embarrassment, and hardship, all of which were directly caused and exacerbated by Experian's failure to disclose complete and accurate information in Plaintiff's consumer file.

30. Experian's failure to comply with its obligations under 15 U.S.C. § 1681g was a substantial factor in causing Plaintiff's damages. These injuries are real, concrete, and particularized, and are the type of harms that Congress intended to prevent through the Fair Credit Reporting Act.

31. Plaintiff received denials or unfavorable terms for the following applications found in his disclosure: Ally financial, PNC Bank, WFBNA auto, Discover PL, SYNCB/Lowes/NFTY DOOR LLC, Xactus-Avantus/Mutofomah, FD/Mr Cooper, Discover HL. The denials and

unfavorable terms experienced were, in whole or in part, caused by Experian's inaccurate and unclear disclosures.

## 6. FIRST CLAIM FOR RELIEF - VIOLATION OF 15 U.S.C. § 1681g(a)(1)

32. Plaintiff adopts and incorporates all prior paragraphs as though fully set forth here.

33. Experian violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's disclosure request by failing to provide a complete and accurate report of the information in his file. Instead of supplying the full records required by Congress, Experian delivered disclosures that left out important and necessary information.

34. Under 15 U.S.C. § 1681n, Experian is liable to Plaintiff for either his actual damages or statutory damages of up to $1,000 per violation, along with costs and reasonable attorney's fees.

35. The disclosure Experian produced contained significant gaps, including missing balance histories, incomplete payment records, partial account numbers, and other absent account details. Each missing piece represents a separate violation of the FCRA.

36.     Even if Experian's actions are not considered willful, they were at the very least negligent. As such, Experian remains liable under 15 U.S.C. § 1681o for Plaintiff's actual damages and the costs of bringing this action.

WHEREFORE, Plaintiff respectfully requests that the Honorable Court enter judgment against Experian for:

a.     The greater of statutory damages of $1,000 per incident and Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Plaintiff's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.     Costs pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and;

d.     Such other relief that this Court deems just and proper.

Respectfully submitted on June 6, 2026, by:

Jacob Smith

8313 Houndstooth Dr

Charlotte, NC 28227

Jacob.d.smith01929@gmail.com